UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSS B. MACMURDO — CIVIL ACTION

V. — NO. 2:17-CV-2916

PRINCIPAL LIFE INSURANCE COMPANY

**COMPLAINT**

The Complaint of Ross B. Macmurdo respectfully alleges:

1. This is a claim for ERISA disability benefits.
2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. seq.
3. Plaintiff, **Ross B. Macmurdo**, of lawful age and a resident of Lacombe, Louisiana is a plan participant and beneficiary of an ERISA plan created by his employer, Galliano Marine Service, LLC d/b/a Edison Chouest Offshore, and an insured participant of a group disability policy issued by Principal Life Insurance Company.
4. Defendant, Principal Life Insurance Company ("Principal")**,** is a foreign corporation authorized and doing business in Louisiana. Upon information and belief, Principal is incorporated in Des Moines, Iowa, and its principal place of business is in the state of Iowa.
5. Principal issued a group policy, No. GP 49378-19, insuring the employees of Galliano Marine Service, LLC d/b/a Edison Chouest Offshore Plaintiff is a beneficiary and insured under the policy.
6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).
7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

8. While an active employee, Plaintiff enrolled in basic short and long term disability insurance, as well as buy-up coverage for such insurance that allowed for a greater disability benefit amount than the basic coverage allowed.
9. Plaintiff is disabled under the terms of the disability policy issued by Principal.
10. Principal has agreed that Plaintiff is disabled under plan terms and is currently paying Plaintiff's benefits on a monthly basis.
11. On June 21, 2016 Plaintiff wrote to Principal appealing the amount that Principal determined to be his monthly benefit amount. He explained to Principal that he had purchased buy-up coverage and that Principal had only calculated his benefit on the basic coverage amount. Thus, the amount that Principal is paying Plaintiff is far less than the amount he expected to receive under policy terms.
12. Principal responded by letter of June 28, 2016 explaining that his short term disability benefits had been approved until November 11, 2015 and that his long term disability benefits began on November 12, 2015. In this same letter, Principal explained the method it used to calculate Plaintiff's monthly benefit, i.e. applying a $6,000/month maximum monthly benefit amount, and that it was reviewing his file to determine whether a pre-existing condition exclusion applied to the increase in coverage that Plaintiff had previously elected. Principal acknowledges in this letter that if the pre-existing condition exclusion does not apply to the increase in coverage Plaintiff elected, his benefit amount would be the larger amount to which Plaintiff claims he is entitled. Principal further stated that until the pre-existing condition review was complete, it would continue to pay the claim based on the policy's maximum monthly benefit amount.

13. Thereafter, on August 31, 2016 Plaintiff provided updated medical records to Principal pursuant to Principal's request for such information. Plaintiff again provided additional medical records by letter of January 9, 2017 pursuant to Principal's request, as well as requesting Principal to render a decision on Plaintiff's buy-up coverage, explaining that this decision was long overdue.

14. Despite receiving overwhelming proof of claim which fully apprised Principal of Plaintiff's claim for an increase to his benefit amount, Principal has failed to render a decision within 45 days as required by ERISA. 29 C.F.R. § 2560.503-1. His claim is therefore deemed denied and his administrative remedies are exhausted.

15. Principal's denial is based on insubstantial evidence and is arbitrary and an abuse of discretion.

16. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Principal's denial of benefits.

17. Principal has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

18. Principal administered Plaintiff's claim with an inherent and structural conflict of interest, as Principal is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Principal's assets.

19. Principal's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

20. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

22. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan L. Toledano
Willeford & Toledano
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com